UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Angel Gabriel Loja Tene,
Petitioner

v. Case No. 26-cv-632-SM-AJ

Warden, FCI Berlin, et al.,
Respondents

**O R D E R**

Angel Gabriel Loja Tene is a civil immigration detainee from Ecuador, currently detained at FCI, Berlin. He brings this habeas corpus petition seeking a court order directing respondents to release him immediately from ICE custody or, in the alternative, an order directing the federal respondents to provide him with a prompt, constitutionally adequate bond hearing before a neutral decisionmaker. His petition became ripe when, as directed, the government responded on August 13, 2026.

The following morning, Friday, August 14, 2026, petitioner filed an Emergency Motion for Expedited Ruling in which he moved the court to act expeditiously on his request for a bond hearing. The problem, it seems, was this: petitioner had a previously-scheduled hearing on the merits of his application

for asylum, withholding of removal, and protection under the Convention Against Torture scheduled for the following Monday (today), August 17, 2026. And, he hoped that if he were granted release on bond, he would then be able to attend that merits hearing in person. Noticeably absent from petitioner's filings, however, is any suggestion that he or his counsel sought a continuance of that merits hearing. Instead, he sought an order of this court staying that merits hearing until after he had been provided with a bond hearing.

By order issued that same day (Friday, August 14, 2026), the court granted, in part, the petition and ordered that the government provide petitioner with a constitutionally adequate bond hearing. The court further provided that:

> If the government is unable to provide petitioner with a bond hearing on or before August 16, 2026, it shall act diligently to obtain a stay of petitioner's merits hearing (currently scheduled for August 17) until sometime after his bond hearing has been held (thereby allowing him to attend that merits hearing in person, should he be released on bond).

This morning (Monday, August 17), petitioner filed another Emergency Motion, this one seeking an order directing the government to show cause why it should not be held in contempt for violating this court's earlier order and moving the court to

stay the merits hearing on petitioner's application for asylum, withholding of removal, and protection under the Convention Against Torture (scheduled for later today).

For the reasons discussed, petitioner's Emergency Motion (document no. 8) is denied.

**Discussion**

It appears from the recitation in petitioner's emergency motion for contempt that the government did attempt to provide a bond hearing over the weekend (i.e., before the previously-scheduled merits hearing on petitioner's removal), but could not do so because petitioner's counsel was unavailable on Saturday for religious reasons and respondent's counsel could not be reached. The bond hearing was then set for today, immediately prior to the previously scheduled merits hearing.

Petitioner seems to be arguing that a bond hearing yesterday (Sunday) would have been acceptable even with the merits hearing scheduled today (Monday), but a bond hearing today is not. But, it appears that either way, petitioner would appear "in person" via Webex video conferencing at the merits hearing - that is regardless of whether the bond hearing

happened yesterday and whether or not he was released on conditions or not.

As importantly, the government was instructed to diligently seek a continuance of petitioner's merits hearing if a bond hearing could not be held before Sunday, August 16. It appears to have complied with that directive but despite its good-faith efforts, circumstances derailed those attempts, for understandable reasons. That is not the stuff of contempt proceedings.

Petitioner's bond hearing will precede the merits hearing and the petitioner will be able to appear via video and plead his case himself and through experienced counsel. If it is reasonably possible for the government to obtain a continuance of the merits hearing (so petitioner may, if he is granted bond and released from custody, attend that hearing in person), it will attempt to obtain such a continuance on petitioner's behalf.

Petitioner's Emergency Motion (document no. 8) is denied.

**SO ORDERED.**

______________________________
Steven J. McAuliffe
United States District Judge

August 17, 2026

cc: Counsel of Record